IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:12-CR-600 |
| | § | |
| EARNEST GIBSON III | § | |
| EARNEST GIBSON IV | § | |

## GIBSONS' PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE LEE ROSENTHAL:

Earnest Gibson III and Earnest Gibson IV, Defendants, respectfully ask the Court to charge the jury with the following instructions. The Gibsons have not duplicated any of the government's proposed instructions (Doc. 279). The following instructions fall into two categories: 1) instructions that were not requested by the government, or; 2) instructions that were included in the government's request but have been modified by the defense. Additionally, the Gibsons object to the inclusion of an instruction regarding deliberate ignorance in the jury charge.

## **PROPOSED INSTRUCTION NO. 1**

### **Character Evidence**

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## **PROPOSED INSTRUCTION NO. 2**

### **Impeachment by Prior Inconsistencies**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**PROPOSED INSTRUCTION NO. 3**

**Impeachment by Prior Conviction (Witness Other Than Defendant)**

You have been told that the witness, —————, was convicted in ————— of ————(e.g., armed robbery). A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## **PROPOSED INSTRUCTION NO. 4**

### **Impeachment by Evidence of Untruthful Character**

You have heard the testimony of —————. You also heard testimony from others concerning their opinion about whether that witness is a truthful person [the witness's reputation, in the community where the witness lives, for telling the truth]. It is up to you to decide from what you heard here whether ————— was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all the other factors already mentioned.

## **PROPOSED INSTRUCTION NO. 5**

**Witness's Use of Addictive Drugs**

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

*Source:  Fifth Circuit 2012 Criminal Jury Instruction No. 1.16*

**PROPOSED INSTRUCTION NO. 6**

**Cautionary Instruction During Trial—Transcript Of Tape Recorded Conversation**

Exhibit ――― has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit―――. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

[In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.]

*Source: Fifth Circuit 2012 Criminal Jury Instruction No. 1.42*

## **PROPOSED INSTRUCTION NO. 7**

**Summaries and Charts Not Received in Evidence**

 Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

*Source: Fifth Circuit 2012 Criminal Jury Instruction No. 1.43*

**PROPOSED INSTRUCTION NO. 8**
(Compare to Gov't Proposed Instruction No. 14)

**Count 1—Conspiracy to Commit Health Care Fraud—18 U.S.C. § 1349**

Title 18, United States Code, Section 1349, makes it a federal crime or offense for anyone to conspire or agree with someone to do something that, if actually carried out, would be a violation of Title 18, United States Code, Section 1347.

Section 1347 makes it a crime for anyone, in connection with the delivery of any health care benefits, items or services, to knowingly and willfully execute or attempt to execute, a scheme or artifice: (1) to defraud any health care benefit program or (2) to obtain by means of materially false or fraudulent pretenses, representations or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

In Count 1 of the Indictment, the defendants EARNEST GIBSON III, EARNEST GIBSON IV, and REGINA ASKEW are charged with conspiring to commit an offense against the United States, namely to execute and attempt to execute a scheme and artifice to defraud a health care benefit program, Medicare, and to obtain money owned by and under the custody and control of Medicare by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

The defendants deny this charge.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant you are considering and at least one other person made an agreement to commit the crime of health care fraud as described in the Superseding Indictment;

*Second*: That the defendant you are considering knew the unlawful purpose of the agreement; and

*Third*: That the defendant you are considering joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

A "health care benefit program" includes Medicare.

A "scheme or plan to defraud" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

"Knowingly" and "willfully" as those terms have been used from time to time in these instructions are defined above.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence or is capable of influencing, the institution to which it is addressed.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant only played a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

*Source:  This instruction was adapted from instructions given by Judge Gray Miller in United States v. Turner, Criminal No. H-12-244S, and by Judge Nancy Atlas in United States v. Ubani, Criminal No. H-10-416S.*

**PROPOSED INSTRUCTION NO. 9**
(Compare to Gov't Proposed Instruction No. 15)

**Caution—Medicare Civil Rules & Regulations**

During this trial, you have heard testimony regarding Medicare's civil rules and regulations and opinions regarding ethical standards and standards of care for home healthcare treatment and services. I caution you that a violation of civil statutes, rules, regulations, ethical standards or standards of care is not a crime. This is not a civil case. The defendants are not on trial for civil violations or even medical malpractice. Even if you find the claims to Medicare were not allowable under the applicable statute, rules and regulations, a defendant cannot be convicted of a crime merely for breaching civil statutes, rules, regulations, ethical standards and standards of care applicable to his or her conduct. However, Medicare's rules and regulations, ethical standards and standards of care may be relevant in determining whether a defendant acted with criminal intent; that is knowingly, willfully and with the intent to defraud Medicare. That is how you may consider this evidence.

*Source: United States v. Christo, 614 F.2d 486 (5th Cir. 1980). This instruction was adapted from one given by Judge Gray Miller in United States v. Turner, Criminal No. H-12-244S.*

**PROPOSED INSTRUCTION NO. 10**
(Compare to Gov't Proposed Instruction No. 18)

**Count 2—Conspiracy to Pay Healthcare Kickbacks—18 U.S.C. § 371**

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. Count 2 of the Indictment charges the defendants EARNEST GIBSON III, EARNEST GIBSON IV, REGINA ASKEW and ROBERT CRANE with conspiring:

a. To defraud the United States by impairing, impeding, obstructing and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program;

b. To violate Title 42, United States Code, Section 1320a-7b(b)(1) by knowingly and willfully soliciting or receiving remuneration, specifically, kickbacks or bribes, directly or indirectly, overtly or covertly, in cash or in kind in return for referring an individual for the furnishing of any item or service which payment may be made in whole or in part by Medicare; and

c. To violate Title 42, United States Code, Section 1320a-7b(b)(2) by knowingly and willfully offering or paying remuneration, specifically, kickbacks or bribes, directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person to refer an individual for the furnishing of any item or service for which payment may be made in whole or in part by Medicare.

The defendants deny this charge.

For you to convict a defendant of conspiracy to pay or receive kickbacks, you must find that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant you are considering and at least one other person made an agreement to commit the crime of soliciting, receiving, offering or paying money in order to induce the referral of a Medicare patient as charged in the Superseding Indictment;

*Second:* That the defendant you are considering knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Indictment in order to accomplish some object or purpose of the conspiracy.

The definitions and descriptions of a conspiracy described earlier in the instruction on conspiracy to commit health care fraud are also applicable to this conspiracy charge.

*Source:  This instruction was adapted from one given by Judge Nancy Atlas in United States v. Ubani, Criminal No. H-10-416S.*

**PROPOSED INSTRUCTION NO. 11**
(Compare to Gov't Proposed Instruction No. 20)

**Counts 3 through 12—Receipt and Payment of Healthcare Kickbacks—42 U.S.C. § 1320a-7b(b) & 18 U.S.C. § 2**

Title 42, United States Code, Section 1320a-7b(b)(1) makes it a crime for anyone to knowingly and willfully solicit or receive any remuneration, including any kickback, bribe or rebate, directly or indirectly, overtly or covertly, in cash or kind in return for referring an individual to a person for the furnishing of any item or service for which payment may be made n whole or in part under a federal health care program.

Title 42, United States Code, Section 1320a-7b(b)(2) also makes it a crime for anyone to knowingly and willfully offer or pay any remuneration, including any kickback, bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind to induce such person to refer an individual to a person for the furnishing of any time or service for which payment mat be made in whole or in part under a federal health care program.

Count 3 charges the defendants EARNEST GIBSON III and REGINA ASKEW with violating Title 42, United States Code, Section 1320a-7b(b).  Count 3 alleges that EARNEST GIBSON III paid an illegal $2500 kickback to REGINA ASKEW on or about February 18, 2011.

Count 4 charges the defendants EARNEST GIBSON III and REGINA ASKEW with violating Title 42, United States Code, Section 1320a-7b(b). Count 4 alleges that EARNEST GIBSON III paid an illegal $2000 kickback to REGINA ASKEW on or about April 28, 2011.

Count 5 charges the defendants EARNEST GIBSON III and REGINA ASKEW with violating Title 42, United States Code, Section 1320a-7b(b).  Count 5 alleges that EARNEST GIBSON III paid an illegal $3000 kickback to REGINA ASKEW on or about May 10, 2011.

Count 6 charges the defendant EARNEST GIBSON III with violating Title 42, United States Code, Section 1320a-7b(b) by paying Robert Ferguson an illegal $2500 kickback on or about May 12, 2011.

Count 7 charges the defendant EARNEST GIBSON III with violating Title 42, United States Code, Section 1320a-7b(b) by paying William Bullock III and Leslie Clark an illegal $1950 kickback on or about May 17, 2011.

Count 8 charges the defendant EARNEST GIBSON III with violating Title 42, United States Code, Section 1320a-7b(b) by paying Robert Ferguson an illegal $2500 kickback on or about May 26, 2011.

Count 9 charges the defendant EARNEST GIBSON III with violating Title 42, United States Code, Section 1320a-7b(b) by paying William Bullock III and Leslie Clark an illegal

$1950 kickback on or about May 31, 2011.

Count 10 is not for your consideration.

Count 11 charges the defendants EARNEST GIBSON III and EARNEST GIBSON IV with violating Title 42, United States Code, Section 1320a-7b(b) by paying Patient Recruiter #1 an illegal $3400 kickback on or about November 18, 2011.

Count 12 charges the defendants EARNEST GIBSON III and EARNEST GIBSON IV with violating Title 42, United States Code, Section 1320a-7b(b) by paying Patient Recruiter #1 an illegal $3200 kickback on or about December 6, 2011.

The defendants deny these charges.

For you to find a defendant guilty of soliciting, receiving, offering or paying kickbacks as charged in the Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant under consideration knowingly and willfully solicited, received, offered or paid money for referring a patient;

*Second:* That the money was solicited, received, offered or paid primarily to induce the referral of a patient insured by Medicare;

*Third:* That the services or items for which the patient was referred, were or would have been covered, in whole or in part by Medicare; and

*Fourth:* The solicitation, receipt, offer or payment of the money was not protected from prosecution by a safe harbor exemption.

*Source:*  This instruction was adapted from one given by Judge Nancy Atlas in United States v. Ubani, Criminal No. H-10-416S.

**PROPOSED INSTRUCTION NO. 12**

**Employee Safe Harbor—42 C.F.R. § 1001.952(i)**

This instruction applies to Count 6 (Conspiracy to Pay Healthcare Kickbacks) and to Counts 7 through 11 (Receipt and Payment of Healthcare Kickbacks).

Congress has authorized certain limited exceptions to the Anti-Kickback Statute, which exceptions sometimes are called "safe harbors." The defendants contend that the five payments that are the subject of the charges in Counts 7 through 11, which are also listed as Overt Acts in Count 6, are protected under the employee safe harbor.

You must decide whether these payments meet the requirements of the employee safe harbor. A defendant qualifies for the employee safe harbor if you find both of the following:

*First:* That at the time of the payment, the person receiving the payment was an employee of Spectrum Care P.A. with a bona fide employment relationship with that company; and

*Second*: That the amount paid by Spectrum Care P.A. to the person receiving the payment was for employment in furnishing services for which payment may be made in whole or in part under Medicare.

The government denies that the employee safe harbor applies to any of these defendants.

*Source:  This instruction was adapted from one given by Judge Nancy Atlas in United States v. Ubani, Criminal No. H-10-416S.*

## **PROPOSED INSTRUCTION NO. 13**
(Compare to Gov't Proposed Instruction No. 21)

### **Aiding and Abetting—Receipt and Payment of Healthcare Kickbacks—18 U.S.C. § 2**

This instruction applies to Counts 3 through 12.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before a defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First*: That the offense of paying or receiving healthcare kickbacks was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that a defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of

the principal's criminal venture.

"To participate in the criminal venture" means that a defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

*Source:  This instruction was adapted from one given by Judge Nancy Atlas in United States v. Ubani, Criminal No. H-10-416S.*

Respectfully submitted,

DEGUERIN, DICKSON, HENNESSY & WARD

*/s/Dick DeGuerin*
Dick DeGuerin
State Bar No. 05638000

*/s/Matt Hennessy*
Matt Hennessy
State Bar No. 00787677

1018 Preston, 7th Floor
Houston, Texas 77002
(713) 223-5959 Telephone
(713) 223-9231 Facsimile

*ATTORNEYS FOR EARNEST GIBSON III and EARNEST GIBSON IV*

## CERTIFICATE OF SERVICE

A copy of the foregoing Gibsons' Proposed Jury Instructions was sent to all interested parties via the CM/ECF filing system, September 19, 2014.

*/s/Matt Hennessy*
Matt Hennessy